State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☑ State

**County** FULTON

**Docket #** 17EV002244

**Date Filed** 05/11/2017
MM-DD-YYYY

**Plaintiff(s)**

STEPHENSON, SYLVIA JEAN
Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs** 1

**Defendant(s)**

OLD REPUBLIC INSURANCE COMPANY
Last   First   Middle I.   Suffix Prefix   Maiden

YRC, INC., D/B/A YRC FREIGHT
Last   First   Middle I.   Suffix Prefix   Maiden

PRIDEMORE, CHARLES
Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Defendants** 3

**Plaintiff/Petitioner's Attorney** ☐ Pro Se

HAMILTON, ALAN J.
Last   First   Middle I.   Suffix

**Bar #** 320698

## Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil (Specify) _____

## If Tort is Case Type:
(Check no more than TWO)

☑ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other (Specify) _____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1



EXHIBIT
A

State Court of Fulton County
**\*E-FILED\*\***
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:**  17EV002244

Sylvia Jean Stephenson,

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Old Republic Insurance Company,c/o Registered

Agent, The Prentice-Hall Corporation, 40 Technology

Parkway South, Suite 300, Norcross, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Alan J. Hamilton, Esq.  - Shiver Hamilton, LLC

Address: 3340 Peachtree Road, Suite 950

City, State, Zip Code: Atlanta, Georgia 30326                    Phone No.: (404) 593-0020

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

**5/11/2017 10:23:02 AM**                    LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

**CIVIL ACTION FILE #:** ___17EV002244___

Sylvia Jean Stephenson,
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

YRC, Inc., d/b/a YRC Freight, c/o Registered Agent
CT Corporation System, 1201 Peachtree Street NE
Atlanta, Georgia 30361
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Alan J. Hamilton, Esq. - Shiver Hamilton, LLC

Address: 3340 Peachtree Road, Suite 950

City, State, Zip Code: Atlanta, Georgia 30326          Phone No.:(404) 593-0020

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**5/11/2017 10:23:02 AM**          LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____. _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #:  17EV002244

Sylvia Jean Stephenson,

Plaintiff's Name, Address, City, State, Zip Code

vs.

Charles Pridemore

1080 North Morgantown Road

Greenwood, Indiana 46142

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Alan J. Hamilton, Esq. - Shiver Hamilton, LLC

Address: 3340 Peachtree Road, Suite 950

City, State, Zip Code: Atlanta, Georgia 30326          Phone No.: (404) 593-0020

An answer to this complaint, which is herewith served on you, should be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through E-file GA or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

**5/11/2017 10:23:02 AM**

LeNora Ponzo, Interim Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.  _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SYLVIA JEAN STEPHENSON,    )
                               )
       Plaintiff,              )
                               )
vs.                            )     CIVIL ACTION FILE
                               )     NO. __17EV002244__
OLD REPUBLIC INSURANCE      )
COMPANY, YRC, INC., D/B/A YRC   )
FREIGHT, and CHARLES PRIDEMORE, )
                               )
       Defendants.           )

### COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files this Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Sylvia Jean Stephenson (hereinafter "Plaintiff" or "Sylvia Stephenson") is a resident of Catoosa County, Georgia. Plaintiff suffered personal injuries in an automobile collision that occurred on July 25, 2016 in Hamilton County, Tennessee. This is a personal injury tort action arising from that collision.

2.

At the time of the subject collision, Defendant Old Republic Insurance Company (hereinafter referred to as "Defendant(s)" or "Old Republic") provided a policy of liability insurance on behalf of Defendant YRC, a motor carrier for hire, the same being policy of insurance number MWML 18562. This policy was in effect on July 25, 2016.

3.

The Old Republic policy is subject to Georgia's Motor Carrier Act, specifically the Direct Action Statute.

4.

Defendant Old Republic is subject to suit by direct action pursuant to O.C.G.A. § 40-1-112 or 40-2-140.

5.

Defendant Old Republic is a foreign for-profit corporation organized under the laws of the State of Pennsylvania and with its principal place of business in the State of Pennsylvania. Service may be made upon Old Republic by serving its registered agent, The Prentice-Hall Corporation System, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Defendant Old Republic has been properly served with process in this action.

7.

Defendant YRC, Inc., d/b/a YRC Freight (hereinafter referred to as "Defendant(s) or "YRC") is a foreign for-profit corporation organized under the laws of the State of Delaware with its principal place of business in the State of Kansas. Service may be made upon YRC by serving its registered agent, CT Corporation System, at 1201 Peachtree Street, Atlanta, Fulton County, Georgia 30361.

8.

Defendant YRC is a motor common carrier doing business in the State of Georgia.

9.

Defendant YRC is a motor contract carrier doing business in the State of Georgia. YRC has sufficient significant contacts with and in Georgia. YRC and/or corporate subsidiaries regularly conduct business in Georgia and have trucking terminals or offices and employees in Georgia.

10.

Defendant YRC has been properly served with process in this action.

11.

Defendant Charles Pridemore (hereinafter referred to as "Defendant(s)" or "Pridemore") is an individual and Indiana resident. He may be served at his personal residence located at 1080 North Morgantown Road, Greenwood, Indiana 46142.

12.

Defendant Pridemore has been properly served with process in this action.

13.

Jurisdiction and venue are proper.

## OPERATIVE FACTS

14.

On the afternoon of July 25, 2016, Plaintiff was driving her 2012 Honda Civic vehicle and lawfully traveling in the left westbound lane of I-24 approaching its interchange with I-75 in Hamilton County, Tennessee.

3

15.

At or about the same time, Defendant Charles Pridemore was driving a 2005 Volvo tractor-trailer owned by Defendant YRC and insured by Defendant Old Republic also traveling in the left westbound lane of I-24 in Hamilton County, Tennessee.

16.

Plaintiff was lawfully traveling at a controlled speed to allow other drivers to safely merge into traffic when she was suddenly and violently struck from behind by Defendants' tractor-trailer.

17.

Defendant Pridemore failed to pay proper attention to the vehicles traveling in front of him, was distracted, was negligently following too closely, and failed to bring the tractor-trailer he was operating to a controlled stop behind Plaintiff's vehicle.

## LIABILITY OF DEFENDANTS

18.

Defendant Pridemore was negligent and is at fault for causing this collision.

19.

Defendant Pridemore was negligent *per se* in following too closely in violation of Tenn. Code Ann. § 55-8-124.

20.

At all times material to this action Defendant Pridemore was acting as an agent and employee of Defendant YRC within the course and scope of said agency and employment.

4

21.

At all times material to this action Defendant Pridemore was operating a vehicle owned, leased, operated, and/or maintained by Defendant YRC and insured by Defendant Old Republic.

22.

Defendant YRC is responsible for the actions of Defendant Pridemore in regard to the collision described in this Complaint under the doctrine of lease liability, agency, apparent agency, *Respondeat Superior*, or vicarious liability.

23.

Defendant YRC was negligent in hiring Defendant Pridemore and entrusting him to drive a commercial vehicle.

24.

Defendant YRC was negligent in failing to properly train Defendant Pridemore.

25.

Defendant YRC was negligent in failing to properly supervise Defendant Pridemore.

26.

The subject wreck was a direct result of Defendants' negligence.

27.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

28.

Plaintiff was not negligent.

5

29.

As a result of the Defendants' negligence and the resulting collision, Plaintiff suffered serious and permanent injuries.

30.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff has lost time from work and has a claim for past and future lost wages.

32.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

33.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under the law, including but not limited to all compensatory, general, special, incidental, punitive, consequential, and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, punitive, general and all other damages permissible under the Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Disability;

d) Loss of the capacity for the enjoyment of life;

e) Incidental expenses;

f) Lost wages;

6

g) Loss of earning capacity;

h) Past, present, and future medical expenses;

i) Permanent injuries; and

j) Consequential damages to be proven at trial.

34.

WHEREFORE, Plaintiff prays that she have a trial on all issues and for a judgment against the Defendants for the following:

a) Medical, doctor, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present, and future;

b) All elements of pain and suffering, for the past, present, and future;

c) Lost wages and loss of earning capacity in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

d) All general, special, compensatory, incidental, consequential, and all other permissible damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

e) That a jury be impaneled to resolve all factual disputes; and

f) For all further losses and recovery as deemed proper by the Court.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**SHIVER HAMILTON, LLC**

/s/ Alan J. Hamilton
Alan J. Hamilton
Georgia Bar No. 320698
Brandon S. Smith
Georgia Bar No. 732793
*Attorneys for Plaintiff*

7

**SHIVER HAMILTON, LLC**
3340 Peachtree Road, Suite 950
Atlanta, Georgia 30326
(404) 593-0020

**THE GUMPRECHT LAW FIRM**

/s/ Michael E. Gumprecht
Michael E. Gumprecht
Georgia Bar No. 903081
*Attorney for Plaintiff*

**THE GUMPRECHT LAW FIRM**
125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050

8

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SYLVIA JEAN STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO. <u>17EV002244</u> |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, YRC, INC., D/B/A YRC | ) | |
| FREIGHT, and CHARLES PRIDEMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

TO: EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-36, you are hereby required to Answer, in the form provided by law, the following Request for Admissions. Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Fulton County State Court has jurisdiction over the subject matter of this case.

6.

Fulton County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Fulton County State Court.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

On July 25, 2016, Defendant Charles Pridemore was driving a 2005 Volvo tandem truck, and Defendant YRC, Inc., d/b/a YRC Freight ("YRC") was the owner of said truck.

11.

Defendant Charles Pridemore was operating the truck at issue with Defendant YRC's permission at the time of the collision involved in this lawsuit.

12.

Defendant Charles Pridemore was in the course and scope of his employment and/or agency with Defendant YRC at the time of the collision at issue in this case.

2

13.

Defendant YRC operates a business for profit.

14.

Defendant YRC is a motor common carrier.

15.

Defendant YRC is a motor contract carrier.

16.

Defendant Charles Pridemore caused the collision with the vehicle of Plaintiff and forming the basis of this lawsuit.

17.

Defendant Charles Pridemore was negligent in his operation of the tractor-trailer and such negligence was the cause of the incident at issue.

18.

Defendant YRC is vicariously liable for Defendant Charles Pridemore's negligence.

19.

Plaintiff was not contributorily negligent in the incident at issue.

20.

Plaintiff did nothing wrong with regard to the incident causing her injuries in this case.

3

21.

Defendant Old Republic Insurance Company was the insurer of Defendant YRC at the time of the subject incident.

22.

Defendant Old Republic Insurance Company provided a policy of liability insurance, policy number MWML 18562, on behalf of Defendant YRC that was in effect on July 25, 2016 with applicable limits of $6,000,000.00.

23.

The applicable Old Republic Insurance Company policy is subject to Georgia's Motor Carrier Act.

24.

Defendant Old Republic Insurance Company is subject to a direct action as the insurer of Defendant YRC.

25.

Defendant Old Republic Insurance Company is contractually obligated to pay Plaintiff for any judgment Plaintiff receives in this action up to your applicable policy limits.

[Signature on following page]

4

Respectfully submitted,

**SHIVER HAMILTON, LLC**

/s/ Alan J. Hamilton
Alan J. Hamilton
Georgia Bar No. 320698
Brandon S. Smith
Georgia Bar No. 732793
*Attorneys for Plaintiff*

**SHIVER HAMILTON, LLC**
3340 Peachtree Road, Suite 950
Atlanta, Georgia 30326
(404) 593-0020

**THE GUMPRECHT LAW FIRM**

/s/ Michael E. Gumprecht
Michael E. Gumprecht
Georgia Bar No. 903081
*Attorney for Plaintiff*

**THE GUMPRECHT LAW FIRM**
125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050

5

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SYLVIA JEAN STEPHENSON,     )
                         )
     Plaintiff,             )
                         )
vs.                       )     CIVIL ACTION FILE
                         )     NO.  17EV002244
OLD REPUBLIC INSURANCE     )
COMPANY, YRC, INC., D/B/A YRC   )
FREIGHT, and CHARLES PRIDEMORE, )
                         )
     Defendants.         )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
### TO DEFENDANT CHARLES PRIDEMORE

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant Charles Pridemore respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at Shiver Hamilton, LLC, 3340 Peachtree Road, Suite 950, Atlanta, Georgia 30326.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

E. "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant is unable to answer a question completely, the

2

question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

### 1.

Identify the persons or entities who in any way owned the truck you were driving and trailer you were pulling at the time of the incident which is the subject matter of Plaintiff's Complaint. If the ownership changed at any time since said occurrence, identify every subsequent person or entity.

### 2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

### 3.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

### 4.

Detail each and every arrangement or agreement between you and Defendant YRC, Inc., d/b/a YRC Freight ("YRC"), or any other individual or entity under which you were performing services at the time of the subject incident.

3

5.

Identify each and every individual or entity under whose authority, direction, or control you were operating the subject truck at the time of the incident which is the subject of Plaintiff's Complaint.

6.

State your full name, and any other name(s), nickname(s), or aliases, if any, which you have ever used or by which you have ever been known and the date and place of your birth.

7.

List your present residence address and all other addresses at which you have resided in the past ten (10) years and dates of each residency.

8.

If you have ever been arrested for, pled guilty to, pled *nolo contendere* to, or have been found guilty of any crime, state the nature of said crime, the date, county, and state in which you were tried and entered your plea, and the sentence given to you.

9.

If in the twenty-four (24) hours immediately preceding the occurrence complained of, you consumed any alcoholic drink or took any drug, pain killer, tranquilizer, stimulant, sleeping pill, or other form of medication or intoxicant, whether legal or otherwise, state the amount taken and the time and place where each such substance was consumed.

10.

If you have ever been a party to any other civil action, state the basis thereof, the date and title of each such civil action, the court in which it was brought, and the civil action file number.

4

11.

If you have ever been involved in any other automobile wreck, either with another tractor-trailer, truck, automobile or a pedestrian, either before or after subject incident, state the date and the location of same, the name of the parties involved, and whether any persons were injured.

12.

State specifically and in detail when, where, and how you claim the occurrence happened which is the basis of this lawsuit.

13.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding same.

14.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

15.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify,

5

and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

16.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

17.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

18.

State the substance of each conversation you had with Plaintiff at any time.

19.

State the make, year, weight, and model of the truck you were driving at the time of incident at issue, identify the last date preceding the incident the tires were replaced or repaired on the vehicle, and identify all mechanical repairs or services to the equipment preceding and subsequent to the incident.

6

20.

Have you ever had a driver's license suspended, canceled, revoked, or contain any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint? If yes, provide the details regarding the suspension, cancellation, revocation, or restrictions to said driver's license.

21.

For each insurance agreement that may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

22.

State your employment history for the past twenty (20) years, giving the name and address of each employer, the period of employment, and the general nature of the job.

23.

Have you received any traffic citation(s) other than parking tickets? If your answer is yes, state the type of citation(s) you received, the date(s) received, the location (state and county), fine(s) you paid, and whether you pled guilty, *nolo contendere,* or not guilty to each citation listed. Also state whether your license to operate a motor vehicle has ever been suspended or revoked. If so, provide the dates and reasons for each suspension or revocation.

7

24.

If your response to the preceding interrogatory was answered in the affirmative, state the traffic citations and/or violations that were reported to YRC, and the method by which those citations were noticed to same.

25.

Have you ever been turned down for any employment, military duty, or occupation of any kind for physical or mental reasons? If so, state fully the circumstances.

26.

Do you know of any test(s), experiment(s), or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

27.

State in detail the factual basis for each defense raised in Defendant's Answer.

28.

Explain the circumstances under which you were operating the vehicle at issue on July 25, 2016, including your point of origin, your destination, the route chosen to reach the destination, the person who prepared the route, the times of dispatch, any stops made prior to arriving at your destination, the contents of your trailers, and the total weight of the load you were carrying.

8

29.

State the date and time of the last inspection you made to the subject tractor-trailer prior to the collision at issue, how the inspection was performed, what areas were inspected, who was present for the inspection, and the results.

30.

State whether you were required and did maintain a daily log, multi-day log, or other form of logging or recording trips and times for the three months preceding the wreck as well as provide all information as to the person who has custody of such documents.

31.

Identify whether the truck you were operating at the time of the subject incident was equipped with any monitoring or recording devices (i.e., a "black box", VORAD, Qualcomm, GPS, etc.) at the time of the incident at issue, and if so, identify all documents generated there from.

32.

Identify the name and position or title of all employees, officers, managers, or agents of YRC with whom you discussed the incident at issue, including the substance of the conversation or questioning, and the dates of the same.

33.

If you own, possess, or use a cellular phone, identify your cellular phone number, the company that provides service for the phone, the full name of the account holder, the last call you made prior to the subject collision, and any calls made immediately after the collision at issue.

Respectfully submitted,

**SHIVER HAMILTON, LLC**

/s/ Alan J. Hamilton
Alan J. Hamilton
Georgia Bar No. 320698
Brandon S. Smith
Georgia Bar No. 732793
*Attorneys for Plaintiff*

**SHIVER HAMILTON, LLC**
3340 Peachtree Road, Suite 950
Atlanta, Georgia 30326
(404) 593-0020

**THE GUMPRECHT LAW FIRM**

/s/ Michael E. Gumprecht
Michael E. Gumprecht
Georgia Bar No. 903081
*Attorney for Plaintiff*

**THE GUMPRECHT LAW FIRM**
125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050

10

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SYLVIA JEAN STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO. 17EV002244 |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, YRC, INC., D/B/A YRC | ) | |
| FREIGHT, and CHARLES PRIDEMORE, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS OLD REPUBLIC INSURANCE COMPANY AND YRC, INC., D/B/A YRC FREIGHT

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendants Old Republic Insurance Company and YRC, Inc., d/b/a YRC Freight respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at Shiver Hamilton, LLC, 3340 Peachtree Road, Suite 950, Atlanta, Georgia 30326.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

    C.   "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

    D.   "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

    E.   "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

    F.   These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and

2

other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.

Identify the persons or entities who in any way owned the tandem truck referred to in the Complaint and driven by Defendant Pridemore at the time of the incident involving Plaintiff Sylvia Stephenson. If the ownership changed at any time since said occurrence, identify every subsequent person or entity.

2.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

3.

Under whose direction or control was Defendant Pridemore acting at the time of the incident at issue?

4.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

3

5.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia and/or Tennessee, identify the person(s) involved, give the style and number of the case, the nature of the litigation, and the court before which the suit was filed.

6.

State specifically and in detail when, where, and how you claim the occurrence happened which is the basis of this lawsuit.

7.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

8.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

9.

State the names and addresses of the following officers and employees of Defendant, as of the date of the subject wreck and at present:

(a) President;

(b) Treasurer;

(c) Safety and/or Compliance Director(s);

4

(d) Personnel Director;

(e) all persons who have investigated the subject collision or discussed the subject collision with Charles Pridemore, driver of the truck involved in this collision;

(f) all persons who have (at present) or had (at the time of the collision) direct supervisory or managerial responsibility for Charles Pridemore or the tractor-trailer he was operating and/or trip he was on;

(g) Person(s) responsible for the inspection, maintenance, and repair of Defendant's tractor-trailer;

(h) Person(s) responsible for training employees/drivers, including Charles Pridemore; and

(i) Person(s) responsible for hiring Charles Pridemore and authorizing him to drive for Defendant.

10.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to <u>all</u> expert witnesses including all practitioners of the healing arts.

11.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

12.

Identify with specificity any incident involving personal injuries in which Defendant Pridemore has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time, and place of occurrence; the name, address and telephone number of all parties involved in said incident; the address of the investigating police department; personal injuries, if any, claimed as a result of the incident; and a short description of how the incident occurred.

13.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

14.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

6

15.

State the point of origin, the destination, the reason for the trip, and at whose request Defendant Pridemore was driving the subject truck at the time of the incident described in Plaintiff's Complaint.

16.

If Defendant Pridemore has ever been issued a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

17.

State the make, year, weight, and model of the truck involved in the subject incident, identify the last date preceding the incident on which the tires were replaced or repaired on the tractor, and identify all mechanical repairs or services to the equipment preceding and subsequent to the crash.

18.

Has Defendant Pridemore ever had a driver's license suspended, canceled, revoked, or contain any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint? If yes, provide the details regarding the suspension, cancellation, revocation, or restrictions to said driver's license.

19.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, state the name and address of each insurer, the amount of coverage available to satisfy

7

such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

20.

Identify all policies and procedures in effect to supervise and regulate drivers of Defendant YRC, Inc., d/b/a YRC Freight to determine their ability to safely operate and maintain motor vehicles, such as the truck involved in the subject incident.

21.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Pridemore? If so, state your determination and the reasons therefore.

22.

Do you know of any test(s), experiment(s), or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

23.

State by whom Defendant Pridemore was given permission to operate the subject motor vehicle and on what date authorization was given.

24.

Detail each and every arrangement or agreement between Defendant Pridemore and Defendant YRC, Inc., d/b/a YRC Freight or any other individual or entity under which Defendant Pridemore was performing services at the time of the subject incident.

8

25.

State whether Defendant Pridemore received any verbal or written disciplinary action as a result of the incident at issue. If so, state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

26.

Identify whether the truck driven by Defendant Pridemore was equipped with any monitoring or recording devices (i.e., a "black box", VORAD, Qualcomm, GPS, etc.) at the time of the incident at issue, and if so, identify all documents generated there from.

27.

Was Defendant Pridemore given a drug and/or alcohol test following the collision at issue? If so, identify the facility or agency that performed the testing, the results of such testing, and identify all documents generated therefrom.

28.

State whether Plaintiff has been surveilled including identify when, how often, by whom, and what was observed.

29.

Identify any prior claims or injuries of Plaintiff that you believe are or may be relevant to the injuries claimed in this case.

30.

When and why did you first anticipate litigation in this matter?

[Signature on following page]

9

Respectfully submitted,

**SHIVER HAMILTON, LLC**

/s/ Alan J. Hamilton
Alan J. Hamilton
Georgia Bar No. 320698
Brandon S. Smith
Georgia Bar No. 732793
*Attorneys for Plaintiff*

**SHIVER HAMILTON, LLC**
3340 Peachtree Road, Suite 950
Atlanta, Georgia 30326
(404) 593-0020

**THE GUMPRECHT LAW FIRM**

/s/ Michael E. Gumprecht
Michael E. Gumprecht
Georgia Bar No. 903081
*Attorney for Plaintiff*

**THE GUMPRECHT LAW FIRM**
125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050

10

State Court of Fulton County
**E-FILED**
17EV002244
5/11/2017 10:23:02 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SYLVIA JEAN STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO. 17EV002244 |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, YRC, INC., D/B/A YRC | ) | |
| FREIGHT, and CHARLES PRIDEMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

TO:     EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendants respond separately in writing and under oath as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at Shiver Hamilton, LLC, 3340 Peachtree Road, Suite 950, Atlanta, Georgia 30326. Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendants' discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A. This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-10-26, *et seq.*, so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers

are served and the time of trial. Plaintiff also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.   Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C.   "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.   If a requested document is no longer in your possession, custody or control, please identify the document with specificity. If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

E.   If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.   If work product or privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which a privilege is claimed with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status. To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of

the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including but not limited to any coverage

-3-

available to Defendant Pridemore personally. (This request seeks each and every policy that may provide coverage in any amount).

5.

Copies of any and all transcripts from any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Defendant Charles Pridemore ("Pridemore").

8.

Pridemore's driver qualification file.

9.

All maintenance and repair records on the tandem truck involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the motor vehicle involved in the occurrence which is the subject matter of this civil action.

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred, or obtained as a result of this incident, including copies of any and all repair

-4-

estimates or other statements reflecting any value and/or the extent of the damage to your motor vehicle or equipment at issue.

11.

Each document submitted by you or received from the police, the Federal Motor Carrier Safety Administration, the Department of Transportation, or any other entity relating to this incident.

12.

Any inspection records and all policies or procedures regarding the inspection and maintenance of the subject tractor-trailer.

13.

Any and all documents that in any way pertain to Pridemore's reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident, and any other collisions involving Pridemore, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendant YRC, Inc., d/b/a YRC Freight's ("YRC") equipment.

14.

Any and all documents required to be maintained by the FMCSA, DOT/CFR regulations, or Tennessee's motor vehicle laws, as it relates to Pridemore or the tandem truck at issue.

-5-

15.

Copies of all company policies and procedures pertaining to the operation of YRC's motor vehicles and any policies and procedures that in any way apply to, cover, or govern Pridemore's employment.

16.

Copies of all work orders, daily loads, and/or work reports for July 25, 2016, as it relates to the driver, Defendants, or trip which is the subject of this incident.

17.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a YRC vehicle or Pridemore prior to July 25, 2016.

18.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

19.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery requests supporting or relating to Plaintiff's or Defendants' contentions of negligence.

20.

All books, documents, and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

21.

The certificate of title and/or other proof of ownership for the subject tandem truck.

-6-

22.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendant.

23.

Copies of any and all reports, interoffice memoranda, or other documents relating to matters which are the subject of this Complaint.

24.

Copies of all pre-trip inspection reports for the subject tandem truck for the months of May, June and July of 2016.

25.

A copy of Pridemore's cell phone bill which reflects any calls or texts made or received on July 25, 2016.

26.

Any and all call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from motorists or any other person regarding Pridemore. By way of example, and not limitation, if the motor vehicle at issue displays a telephone number for motorists to call concerning the operation of the vehicle in question (a "How's my driving?" number), please produce any documents generated as a result of any calls or complaints received by Defendants.

-7-

27.

Any and all documents generated or downloaded from any black box, DDEC,

Qualcomm, computer, or other electronic recording device on the subject tandem truck.

28.

Copies of any photographs, videos, or documents reflecting or related to surveillance of

Plaintiff.

Respectfully submitted,

**SHIVER HAMILTON, LLC**

/s/ Alan J. Hamilton
Alan J. Hamilton
Georgia Bar No. 320698
Brandon S. Smith
Georgia Bar No. 732793
*Attorneys for Plaintiff*

**SHIVER HAMILTON, LLC**
3340 Peachtree Road, Suite 950
Atlanta, Georgia 30326
(404) 593-0020

**THE GUMPRECHT LAW FIRM**

/s/ Michael E. Gumprecht
Michael E. Gumprecht
Georgia Bar No. 903081
*Attorney for Plaintiff*

**THE GUMPRECHT LAW FIRM**
125 Townpark Drive #300
Kennesaw, Georgia 30144
(678) 800-1050

-8-